HENRY P. CANNON *vs.* FRANCIS A. SEVENO and others.

Somerset. Opinion June 17, 1886.

*Poor debtor's disclosure. Record. Law and fact. Practice. R. S., c. 113,*
*§ § 37, 69.*

The judgment of two justices of the peace and quorum, who hear a debtor's disclosure, having jurisdiction, can not be contradicted, as between the parties, upon any point judicially determined by them, except as by R. S., c. 113, § 69.

When the justices adjudicate, as appears by their record, that it does not appear from the debtor's disclosure that he had in his possession any account against any one, the record is conclusive and can not be contradicted by the debtor's disclosure, signed and sworn to by him.

If such question is open, whether it so appears or not, by such disclosure, it is a question of law for the court, and not for the jury.

Where the creditor is present by his attorney, and the debtor discloses an, attachable interest in real estate, the justices are not required to give the creditor a certificate thereof, as provided in R. S., c. 113, § 37, unless requested so to do by the creditor or his attorney, and a failure to do so does not affect the debtor's discharge.

ON EXCEPTIONS.

Debt on poor debtor's bond given by Seveno as principal and: the other defendants as sureties. The plea was *non est factum* and a brief statement that Seveno had performed one of the conditions of the bond, by citing the creditor and disclosing and taking the proper oath, and receiving a certificate from the justices administering the oath. The jury returned a verdict for the plaintiff for two hundred and sixty-seven dollars, and the defendants alleged exceptions which are sufficiently indicated in the opinion.

*E. N. Merrill*, for the plaintiff.

The record of the justices shows that the account against :M. D. Ward was neither appraised and set off by the justices, ·nor assigned by the debtor to the creditor. The record of the ,justices also shows that neither the agreement from White to Seveno or the bond to convey real estate, were appraised and :set off by justices or assigned by the debtor to the creditor as the statute requires; they were not duly secured before the ,justices issued their certificate, and not securing the property they had no authority to issue it, and being void for want of ,authority, it can not be set up in defense. *Hackett* v. *Lane*, 61 Maine, 36; *Leighton* v. *Pearson*, 49 Maine, 102; *Call* v. *Barker*, 27 Maine, 105; *Robinson* v. *Barker*, 28 Maine, 314; ·*Jewett* v. *Rines*, 39 Maine, 12.

Real estate liable to be seized on execution was disclosed, as :shown by the record of the justices. In such case the statute ·states that the justices shall give a certificate, and also states what that certificate shall contain, the names of the parties and ·the amount of the execution, etc. This was not done. For ·these causes alone there was a breach of the bond. *Leighton* ·v. *Pearson*, 49 Maine, 102.

The justices as well as the debtor must follow implicitly the :statute provisions. *Hackett* v. *Lane*, 61 Maine, 36; *Leighton* ·v. *Pearson*, 49 Maine, 100.

The measure of damages is not restricted necessarily to the value of the Ward account, the bonds and contract from White ·to Seveno, or to the value of Seveno's interest in the real estate, ·but must be assessed on proof of the ability of the debtor to ·pay. *Torrey* v. *Berry*, 36 Maine, 592; *Call* v. *Barker*, 28 .Maine, 325.

The court not having been organized within the hour appointed ·and fixed by the citation, the justices had no jurisdiction, and having no jurisdiction, their record is not conclusive. *Belcher* v. *Treat*, 61 Maine, 580; *Foss* v. *Edwards*, 47 Maine, 150; *Stanton* v. *Hatch*, 52 Maine, 246; *Spencer* v. *Perry*, 17 Maine, 415; *Dodge* v. *Kellock*, 13 Maine, 136; *Hill* v. *Jones*, 122 Mass. 412; *Banks* v. *Johnson*, 12 N. H. 445.

Nothing is to be presumed in favor of the jurisdiction of justices of the peace. *State* v. *Hartwell*, 35 Maine, 129; *Hersom's case*, 39 Maine, 476; *Lane* v. *Crosby*, 42 Maine, 327; *Wat. I. M'f'g Co.* v. *Goodwin*, 43 Maine, 431; *Dodge* v. *Kellock*, 13 Maine, 136; *Granite Bank* v. *Treat*, 18 Maine, 340.

*D. D. Stewart*, for the defendants.

No account was disclosed for appraisal. *Robinson* v. *Barker*, 28 Maine, 313.

The adjudication of the justices was conclusive. *Agry* v. *Betts*, 3 Fairf. 417; *Pike* v. *Herriman*, 39 Maine, 53; *Hanson* v. *Dyer*, 17 Maine, 98; *Paul* v. *Hussey*, 35 Maine, 97; *Baldwin* v. *Merrill*, 44 Maine, 55; *Foss* v. *Edwards*, 47 Maine, 149; *Lewis* v. *Brewer*, 51 Maine, 108; *Folsom* v. *Cressey*, 73 Maine, 272.

If there were errors in the record of the justices, certiorari is the remedy. *Dow* v. *True*, 19 Maine, 46; *Metcalf* v. *Hilton*, 26 Maine, 200; *Little* v. *Cochran*, 24 Maine, 509; *Ross* v. *Ellsworth*, 49 Maine, 418; *Lewis* v. *Brewer*, 51 Maine, 108; *Marr* v. *Clark*, 56 Maine, 542; *Hayward, Pet.* 10 Pick. 358; *Locke* v. *Lexington*, 122 Mass. 290; *Betts* v. *Bagley*, 12 Pick. 583; *Van Wormer* v. *Albany*, 15 Wend. 264; *Onondaga* v. *Briggs*, 2 Denio, 33.

Upon the question of the real estate disclosed and the effect of it, counsel cited: *Freeman* v. *Thayer*, 33 Maine, 76; *Haskell* v. *Hilton*, 30 Maine, 420; *Dockray* v. *Mason*, 48 Maine, 178; *Des Brisay* v. *Hogan*, 53 Maine, 554; *Webster* v. *Folsom*, 58 Maine, 232; *Hamilton* v. *Cone*, 99 Mass. 478; *Clement* v. *Wyman*, 31 Maine, 50; *Keene* v. *Parker*, Franklin Co. 1883, not reported.

LIBBEY, J. The first question that arises by the exceptions. is whether the record of the justices of the peace and quorum, who heard the debtor's disclosure, can be contradicted by the introduction of the debtor's disclosure.

We think it well settled that the judgment of the justices of the peace and quorum, who hear a debtor's disclosure, having jurisdiction, can not be contradicted as between the parties, upon

any point judicially determined by them. They are a special tribunal with judicial powers, and their judgment within their jurisdiction, is as conclusive as that of other courts. *Emery* v. *Brann*, 67 Maine, 39; *Agry* v. *Betts*, 12 Maine, 417; *Pike* v. *Herriman*, 39 Maine, 53; *Hanscom* v. *Dyer*, 17 Maine, 98; *Lewis* v. *Brewer*, 51 Maine, 108. To this rule there is, by R. S., c. 113, § 69, an exception as to their determination of the legal service of the citation upon the creditor. But before this statute their determination on that point was conclusive, although erroneous.

By R. S., c. 113, § 31, "When from such disclosure, it appears that the debtor possesses or has under his control bank bills, notes, accounts, bonds, or other contracts, or other property not exempt by statute from attachment, which can not be come at to be attached, . . . the justices hearing the disclosure shall appraise and set off enough of such property to satisfy the debt, costs and charges." Whether it does or not appear from the disclosure that there is any such property disclosed by the debtor, may embrace matters of law and fact, and such matters are within the jurisdiction of the justices, and they must necessarily determine them. It is absurd to say that the justices must appraise an alleged account when they determine that no such account is disclosed by the debtor. It is a matter which they must determine judicially, and their determination is binding till set aside by proper process.

The judgment of the justices was put in evidence by the defendants. After reciting the disclosure of one account against one Weeks, and its appraisal by them, it contains the following adjudication : " And it not appearing in or by said disclosure, or by any evidence offered by either party, that said debtor had in his possession or under his control, any bank bills, notes or *other accounts*, or bonds, or contracts, or property not exempt by statute from attachment, but which can not be come at to be attached," and this is followed by the adjudication that the debtor is entitled to have the oath administered. Here is an adjudication that it did not appear from the disclosure that the debtor had any account except the one stated and appraised.

We think this is conclusive in this action, and that the court erred in admitting the disclosure as evidence to prove that it did appear that an account was disclosed against one Ward.

But if the disclosure was properly admitted in evidence to contradict and control the record in that respect, it was a document in writing, signed by the debtor, and should have been construed by the court. It raised no question for the jury, and upon a careful examination of it, we are satisfied that the adjudication of the justices was correct; that it does not appear from it that the debtor disclosed an account or claim against Ward, within the meaning of the statute. When it appears from the disclosure that the debtor has mutual accounts with another, and that the amount against him is much larger than that in his favor, it is not a disclosure of an account within the meaning of the statute to be appraised by the justices. *Robinson* v. *Barker*, 28 Maine, 313.

By the disclosure, it appears that Ward and twenty-one others associated with him, owned the house and lot occupied by the debtor, and that the debtor was occupying under them for a rent agreed upon; that Ward in the management of the property and in the receipt of the rent, acted for himself and as agent or trustee for the other owners; that by an agreement with Ward the debtor built a fence on the lot and procured a water pipe at an expense of twenty-seven dollars, for which Ward agreed to pay; and it further appeared that, at the time of the disclosure, there was more than twenty-seven dollars due from the debtor for rent.

The fence and pipe, being improvements upon the estate made under a promise of Ward acting for himself and his associates, created a liability on the part of the owners therefor, and the rent due might be off-set against it. There was then nothing to be appraised and set off to the creditor.

It remains to examine the other ground relied on by the plaintiff to invalidate the debtor's discharge. It is claimed that the debtor disclosed an interest in real estate, liable to seizure on execution, and that the justices should have made and delivered to the creditor a certificate thereof, as required by

R. S., c. 113, § 37. This statute requires nothing to be done by the debtor. It is for the benefit of the creditor if he desires to avail himself of it. It imposes a duty upon the justices toward the creditor, which he may or may not desire them to perform. We are of opinion that they are not required to make and deliver to the creditor such certificate if not requested to do so. The creditor's attorney was present and it does not appear that he requested it. It has been twice held by this court that no such duty rests upon them if the creditor or his attorney is not present and does not afterwards request it. *Clement* v. *Wyman*, 31 Maine, 50; *Keene* v. *Parker*, decided by this court by rescript in 1883. Much less is it their duty to do so if the creditor or his attorney is present and does not request it. The ruling of the court on this point was erroneous.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.